# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## ROCKFORD DIVISION

| | |
|---|---|
| In re: LORUSSO, JOSEPH M<br>　　　　LORUSSO, VALERIE A<br><br>Debtor(s) ORVINO, VALERIE A | § Case No. 08-72612<br>§<br>§<br>§ |

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

　　　Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that MEGAN G. HEEG, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

　　　The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
　　　211 South Court Street
　　　Rockford, IL 61101

　　　Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 09:30 on 05/10/2010 in Courtroom 115, United States Courthouse,
211 South Court Street
Rockford, IL 61101.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: __/ /_____　　　By: __/s/MEGAN G. HEEG_____
　　　　　　　　　　　　　　　　　　　　　　　Trustee

MEGAN G. HEEG
215 E. First St.
P.O. Box 447
Dixon, IL 61021
(815) 288-4949

**UST Form 101-7-NFR (9/1/2009)**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## ROCKFORD DIVISION

| | | |
|---|---|---|
| In re: LORUSSO, JOSEPH M | § | Case No. 08-72612 |
|       LORUSSO, VALERIE A | § | |
| | § | |
| Debtor(s) ORVINO, VALERIE A | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---|
| *The Final Report shows receipts of* | $ 17,513.04 |
| *and approved disbursements of* | $ 3,605.00 |
| *leaving a balance on hand of* [1] | $ 13,908.04 |

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| N/A | |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | MEGAN G. HEEG | $ 2,501.30 | $ 150.00 |
| Attorney for trustee | Ehrmann Gehlbach Badger & Lee | $ 2,950.00 | $ 152.50 |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | Carl C. Swanson, CPA | $ | $ |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| | | |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 186,680.20 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 4.4 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | Marathon Petroleum Company LLC | $ 376.00 | $ 16.43 |
| 2 | Village Ace Hardware | $ 299.80 | $ 13.11 |
| 3 | Discover Bank/DFS Services LLC | $ 6,261.29 | $ 273.50 |
| 4 | Caywod & Associates | $ 261.00 | $ 11.40 |
| 6 | Western States Envelope | $ 111.14 | $ 4.85 |
| 7 | CHASE BANK USA | $ 21,248.15 | $ 928.12 |
| 8 | American Express Centurion Bank | $ 2,443.90 | $ 106.75 |
| 9 | American Express Bank FSB | $ 3,937.56 | $ 171.99 |
| 10 | US BANK / RETAIL PAYMENT SOLUTIONS | $ 5,815.59 | $ 254.03 |
| 11 | CAPITAL ONE BANK (USA), N.A. | $ 4,896.28 | $ 213.87 |

**UST Form 101-7-NFR (9/1/2009)**

Case 08-72612    Doc 49    Filed 04/01/10    Entered 04/01/10 11:18:04    Desc Main
                Document      Page 4 of 5

| | | | |
|---|---|---|---|
| 12 | Chase Bank USA, N.A. | $ 126.71 | $ 5.53 |
| 14 | Citizens First National Bank | $ 79,761.52 | $ 3,484.00 |
| 15 | Sprint Nextel Correspondence | $ 1,121.02 | $ 48.97 |
| 16 | Wells Fargo Bank, N.A. | $ 15,089.88 | $ 659.13 |
| 17 | Wells Fargo Bank, N.A. | $ 9,952.63 | $ 434.73 |
| 18 | Recovery Management Systems Corporation | $ 441.19 | $ 19.27 |
| 19 | Recovery Management Systems Corporation | $ 1,130.83 | $ 49.39 |
| 20 | Bank of America, N. A. | $ 7,276.16 | $ 317.82 |
| 21 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 24,179.35 | $ 1,056.16 |
| 22 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 1,950.20 | $ 85.19 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

*Claim Number    Claimant                                Allowed Amt. of Claim    Proposed Payment*
                                 N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant                                Allowed Amt. of Claim    Proposed Payment*
                                 N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

**UST Form 101-7-NFR (9/1/2009)**

Prepared By: /s/MEGAN G. HEEG
Trustee

MEGAN G. HEEG
215 E. First St.
P.O. Box 447
Dixon, IL 61021
(815) 288-4949

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (9/1/2009)**